UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

    v.                                                                                  CAUSE NO. 3:22-CV-450-JD-MGG

MIAMI CORRECTIONAL FACILITY
WARDEN, INDIANA STATE OF,

    Defendant.

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, began this case by filing a motion asking for a preliminary injunction. ECF 1. Though he did not file a complaint, a "document filed pro se is to be liberally construed," so the court will construe the motion as also being his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Spann-El did not pay the filing fee nor seek leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(g), he is barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury because he has filed three cases[1] which were dismissed as frivolous, malicious, or for failure to state a claim. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v.*

---

[1] (1) *Spann-El v. State of Indiana, et al.*, 3:20-CV-785-DRL-MGG (N.D. Ind. filed Sept. 17, 2020), dismissed September 22, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; (2) *Spann-El v. State of Indiana, et al.*, 3:20-CV-741-DRL-MGG (N.D. Ind. filed Aug. 31, 2020), dismissed September 3, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and (3) *Spann-El v. State of Indiana, et al.*, 3:20-CV-595-DRL-MGG (N.D. Ind. filed July 16, 2020), dismissed September 3, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

*Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing 28 U.S.C. § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017); *see also Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) ("[I]t has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger."). Courts "routinely" deny leave to proceed where imminent-danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor*, 623 F.3d at 485 (citation and internal quotation marks omitted).

Here, Spann-El raises one valid claim of imminent danger, two conclusory claims of imminent danger, and several claims of imminent danger clearly without merit. In his valid claim, he asserts he has severe mental illness and is suicidal. He alleges he is not receiving medication or mental health treatment. This is a valid claim of imminent danger. The Miami Correctional Facility Warden has both the authority and the responsibility to ensure Spann-El receives constitutionally adequate mental health treatment and is protected from harming himself. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant and Spann-El will be granted leave to proceed against him on an official capacity claim for permanent injunctive relief.

Spann-El's conclusory claims allege he is denied medical treatment (for his physical health) and is not being protected from attack by unidentified assailants. Other

than alleging that fear is causing heart failure and that he has been harmed in the past by someone, he provides no details about these claims. These conclusory statements are insufficient to plausibly allege he is in imminent danger. Spann-El's claims clearly without merit allege he is not honored as a human being, has no access to the law library, no access to copy documents, no GTL tablet, and cannot get a response to his request for interview forms. These are the sort of allegations "that do[] not come within shouting distance of" an imminent danger claim." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

Spann-El asks the court for a preliminary injunction ordering that he be transferred to a different prison. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The least intrusive way for the Warden to provide Spann-El with constitutionally adequate mental health treatment and prevent him from committing suicide may be to transfer him, but there may be other options too. Perhaps he can be placed on suicide watch at the Miami Correctional Facility. Perhaps he can receive medications and therapy for his severe mental health problems at the Miami Correctional Facility. Perhaps the Warden can demonstrate Spann-El is already receiving constitutionally adequate medical treatment or that the allegations are otherwise untrue. The Warden will be ordered to respond to the preliminary injunction motion. Spann-El will then have fourteen days to file a reply before the court rules on the motion.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the preliminary injunction motion (ECF 1) as a complaint;

(2) DIRECTS the clerk to add the Miami Correctional Facility Warden as a defendant;

(3) GRANTS Richard A. Spann-El leave to proceed against the Miami Correctional Facility Warden in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate treatment for his severe mental health problems and to prevent him from committing suicide as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Miami Correctional Facility and State of Indiana;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the Miami Correctional Facility Warden at the Indiana Department of Correction, with a copy of this order and the preliminary injunction motion (ECF 1) which is also the complaint;

(7) DIRECTS the clerk to fax or email a copy of the same documents to the Miami Correctional Facility Warden at the Miami Correctional Facility;

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Miami Correctional Facility Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(9) ORDERS the Miami Correctional Facility Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **July 7, 2022**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining how he is providing Richard A. Spann-El with constitutionally

adequate treatment for his severe mental health problems and preventing him from committing suicide.

SO ORDERED on June 15, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT