UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-450-JD-MGG |

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Dr. Lauren Pupko, Baili Appleton, Mental Health Specialist Denny Sipe, and Dr. Heather Verdon (the "medical defendants") for monetary damages "for failing to provide him with constitutionally adequate treatment for mental health problems[.]" ECF 45 at 6. Second, he is proceeding against Officer Mary Broomfield, Captain Matthew Moroson, and Warden William Hyatte (the "state defendants") for monetary damages "for deliberate indifference to his risk of suicide" in July 2022. *Id.* at 7; ECF 44 at 7-8. The medical defendants and state defendants filed separate motions for summary judgment, both arguing Spann-El did not exhaust his administrative remedies before filing this lawsuit. ECF 62, ECF 66. Spann-El filed a response arguing his administrative remedies were unavailable, and the medical

defendants filed a reply. ECF 71, 72.[1] Both summary judgment motions are now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

---

[1] Spann-El filed only one response, but the arguments he raises are applicable to both summary judgment motions.

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Spann-El did not exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance complaining they (1) denied him adequate mental health treatment or (2) were deliberately indifferent to his risk of suicide in July 2022. ECF 63 at 4-5; ECF 67 at 5-6. Specifically, they provide attestations from the prison's Grievance Specialist that Spann-El "never submitted a grievance concerning a lack of mental health care" (ECF 66-1 at 6) and "failed to timely

3

grieve the alleged deliberate indifference to his suicide attempts in July 2022" (ECF 66-3 at 2).

In his response, Spann-El concedes he never fully exhausted any relevant grievance before filing this lawsuit. ECF 71. The court therefore accepts that as undisputed. Instead, he argues his administrative remedies were unavailable because he submitted numerous grievances for which he never received any receipt or response from the grievance office. *Id.* at 2-8. But the Offender Grievance Process provides a procedure for an inmate to follow in the event he submits a grievance and receives no receipt or response from the grievance office. Specifically, the Offender Grievance Process provides that if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 66-2 at 9. Spann-El provides no evidence he complied with this requirement, as he does not allege or provide any evidence he ever notified the Grievance Specialist that he submitted a grievance and received no response. Therefore, even when construing the facts in the light most favorable to Spann-El, the undisputed facts show he had available administrative remedies he didn't exhaust before filing this lawsuit.

Accordingly, because the undisputed evidence shows Spann-El had available administrative remedies he did not exhaust before filing this lawsuit, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the medical defendants' motion for summary judgment (ECF 62) and the state defendants' motion for summary judgment (ECF 66);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Richard A. Spann-El and to close this case.

SO ORDERED on January 31, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT